UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOANIE WHITE-WAGONER, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-CV-169-ACL |
| | ) |
| vs. | ) |
| | ) |
| PEMISCOT COUNTY MEMORIAL HOSPITAL, d/b/a PEMISCOT MEMORIAL HEALTH SYSTEMS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Joanie White-Wagoner has brought this action against Defendants Pemiscot County Memorial Hospital d/b/a Pemiscot Memorial Health Systems ("PMHS") and Pemiscot County, Missouri, related to her employment with PMHS. Plaintiff was Chief Executive Officer ("CEO") of PMHS from approximately September 2023 to January 2024. She asserts various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); the Fair Labor Standards Act, 29 U.S.C. § 20 ("FLSA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"); the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); and Missouri state law.

Presently pending before the Court is the Motion to Dismiss of Defendant Pemiscot County, Missouri. (Doc. 10.) The Motion is fully briefed and ready for disposition.

1

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement ... showing that the pleader is entitled to relief." To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." *Id.* at 679. The factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)). In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct. *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567). The Court must then determine whether the plaintiff plausibly alleges a violation of the law. *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v.*

*Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant Pemiscot County argues that the Complaint fails to state a claim for which relief may be granted because Pemiscot County is not the owner of PMHS as alleged in the Complaint.  Defendant states that, on April 16, 2014, the County Commission of Pemiscot County conveyed by Quit-Claim Deed all of its rights, title, and interest in the real estate to the Board of Trustees of PMHS.  Defendant attached a copy of the Quit-Claim Deed as Exhibit A to its Motion. (Doc. 10-1.)  Pemiscot County argues that, at the time of Plaintiff's employment with Defendant PMHS, Pemiscot County was not the owner of the hospital or the hospital property.  Defendant contends that Plaintiff's Complaint should therefore be dismissed as to Pemiscot County for failure to state a claim.

Plaintiff responds that the Court must deny Pemiscot County's Motion to Dismiss for the following reasons: (1) the Eastern District of Missouri previously denied essentially the same argument in *Henry v. Pemiscot Memorial Health Systems, County of Pemiscot*, Case No. 1:05CV00075 ERW, 2005 WL 3534230 (E.D. Mo. Dec. 21, 2005); (2) Defendant PMHS admitted Defendant Pemiscot County owns PMHS in its Answer (Doc. 9 at 1-2); (3) the Court

must assume all allegations in the Complaint are true at the pleading state; and (4) information available to the public substantiates Plaintiff's claim that Pemiscot County owns Defendant PMHS.

The Complaint alleges that Defendant Pemiscot County "owns Defendant PMHS." (Doc. 1 at 2.) No other allegations are made against Pemiscot County, other than those pertaining to exhaustion. Specifically, Plaintiff states that she filed a Charge of Discrimination against Defendant Pemiscot County, and received a Right to Sue letter from the Department of Justice on August 22, 2024. *Id.* at 3.

The Quit-Claim Deed attached to Defendant Pemiscot County's Motion to Dismiss reveals that the County Commission of Pemiscot County conveyed two tracts of land to the Board of Trustees of Pemiscot County Memorial Hospital on April 21, 2014, for the sum of $10. (Doc. 10-1.)

In *Henry,* the plaintiff employee of PMHS filed suit against PMHS, Pemiscot County, and others, alleging she was a victim of gender discrimination. 2005 WL 3534230, at * 1. Pemiscot County filed a Motion to Dismiss arguing that the County does not operate the hospital; rather, it is the trustees of the hospital who are vested with the power under state law to make and adopt by-laws, rules, and regulations for the governance of the hospital. *Id.* The Court[1], after summarizing Missouri law pertaining to the governance of public hospitals, held:

> It is clear that the day-to-day activities of public hospitals are performed by the trustees. However, as Plaintiff notes, Defendant has failed to present any evidence that: (1) a board of trustees had been appointed in this case; (2) the Hospital was not owned by Pemiscot County; and (3) *if a board of trustees had been appointed,*

---

[1] United States District Judge E. Richard Webber.

4

> *it was not acting as an agent of the County*. The Court agrees with Plaintiff and holds that Defendant Pemiscot County has failed to prove "that there is some insuperable bar to relief" in this case.

*Id.* (emphasis added).  The Court, therefore, denied Pemiscot County's Motion to Dismiss.  *Id.* at 3.

Plaintiff acknowledges that *Henry* was decided in 2005, prior to the 2014 Quit-Claim Deed.  She argues that the Quit-Claim Deed nonetheless fails to offer evidence that Defendant PMHS is not owned by Pemiscot County.  Instead, Plaintiff contends that the Quit-Claim Deed only establishes that certain property was transferred from the County Commission to the hospital Board of Trustees.

In its Reply, Pemiscot County argues that the 2014 Quit-Claim Deed "conveyed all its right, title and interest in the property to Pemiscot Memorial Health Systems.  It no longer has the right to possess the property or have legal title to the property, and has conveyed its interest." (Doc. 18 at 3.)  Pemiscot County further argues that the employment agreement between Plaintiff and PMHS attached to the Complaint has not been signed by Pemiscot County and Pemiscot County is not referred to in the agreement.  Finally, Defendant Pemiscot County, citing *Lucas v. Blankenship Constr. Co.*, No. 23-CV-56-JPG, 2024 WL 3088506, at *3 (S.D. Ill. June 21, 2024), argues that Co-Defendant PMHS's admission in its Answer that PMHS is owned by Pemiscot County is not binding on Pemiscot County.  In *Lucas*, the Court held that the plaintiff could use a defendant's admission in their answer against a co-defendant but the co-defendant was "not bound by that admission and is free to counter that evidence with his own." *Id.*

Having considered the pleadings and the parties' arguments, the Court finds that the Complaint plausibly alleges that Defendant Pemiscot County owns Defendant PMHS. Although the Quit-Claim Deed may cast doubt on Pemiscot County's ownership of PMHS, it only affirmatively shows that certain parcels of real estate were conveyed from the Pemiscot County Commission to the PMHS Board of Trustees.  PMHS's admission that Pemiscot County owns PMHS—while not dispositive—is evidence of this fact that Pemiscot County has not yet refuted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant Pemiscot County, Missouri (Doc. 10) is **denied**.

Dated this 23rd day of April, 2025.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE