UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOANIE WHITE-WAGONER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-CV-00169-ACL |
| | ) | |
| PEMISCOT COUNTY MEMORIAL | ) | |
| HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Joanie White-Wagoner brought this action against Defendants Pemiscot County Memorial Hospital d/b/a Pemiscot Memorial Health Systems ("PMHS") and Pemiscot County, Missouri, related to her employment with PMHS as Chief Executive Officer ("CEO") from September 2023 until her termination in January 2024.   She asserts various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); the Fair Labor Standards Act, 29 U.S.C. § 20 ("FLSA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"); the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); 41 U.S.C. § 4712; and Missouri state law.

Presently pending before the Court is Plaintiff's Second Motion for Sanctions against Defendant PMHS.   (Doc. 90.)   The Motion is fully briefed and ready for disposition.

**Background**

In February of 2025, Plaintiff filed a Motion to Compel Discovery, in which she challenged Defendant's objections to many of her requests for production in her First Request for Production of Documents served on December 20, 2024.   (Doc. 28.)   Relevant to the instant

1

Motion is Request No. 13, which stated: "Produce all documents between Defendant employees and/or between Board of Trustee members discussing Plaintiff's termination and/or job performance." (Doc. 28-1 at 4.) Plaintiff argued that Defendant was obligated to provide any emails, texts, or other communications between any former or current PMHS Board members regarding Plaintiff's termination. Defendant responded that the requested communications of the individual Board members were not in the control of PMHS.

In a Memorandum and Order dated April 28, 2025, the Court granted Plaintiff's Motion to Compel in part. (Doc. 40.) With regard to Request No. 13, the undersigned found that a "sufficient relationship exists between Defendant PMHS and the Board such that PMHS should have the practical ability to obtain the requested documents." *Id.* at 12. The Court directed Defendant to provide the requested documents no later than May 12, 2025. *Id.* at 15.

On May 12, 2025, Defendant filed a Memorandum to the Court stating that PMHS made a good faith effort to comply with the Court's Order regarding Request No. 13, but only two Board members responded to communications requesting they provide the documents. These two Board members each stated that they had no responsive documents. The remaining three Board members provided no response to Request No. 13.

On May 21, 2025, the Court granted Plaintiff's Motion to Amend the Case Management Order and Leave to Amend the Complaint. (Doc. 44.) The Amended Complaint added claims and added individual Board members Johnna Green, David Ketchum, Delilah Swinger, Timothy Gardner, Lance Crawford, and Russell Gilmore as Defendants. (Doc. 46.)

During the period of November 24, 2025, through January 20, 2026, Plaintiff filed a Motion for Sanctions, Defendant PMHS filed a Motion for Sanctions, Defendant Ketchum filed

2

a Motion to Compel, and Defendant Crawford filed a Motion to Compel.   (Docs. 67, 80, 86, 88.)

Plaintiff filed the instant Second Motion for Sanctions on January 21, 2026.

On January 23, 2026, following a telephone conference with the parties, the Court issued an Order granting Plaintiff leave to file a Second Amended Complaint adding a Computer Fraud and Abuse Act claim due to evidence discovered during discovery.   (Doc. 91.)   The undersigned directed the parties to submit a Joint Proposed Amended Scheduling Order, and found all pending motions moot other than the instant Second Motion for Sanctions.   A Second Amended Case Management Order ("CMO") was entered on February 20, 2026.   (Doc. 106.)

The parties raised a new discovery dispute through email communications, which the Court resolved in an Order dated May 19, 2026.   (Doc. 107.)   The undersigned further found that, in light of the continued disputes between the parties, periodic phone conferences were necessary to ensure the parties comply with the deadlines contained in the current CMO.   The first such conference is scheduled for June 30, 2026.

### Legal Standard

Rule 37(c) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e)" and the failure is not "substantially justified" or "harmless," the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may inform the jury of the party's failure."   Fed. R. Civ. P. 37(c)(1)(A)-(B).   Rule 37(c) gives a district court "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case" if a party fails to comply with Rule 26.   *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Additionally, "[a]ny attorney ... who so multiplies the proceedings in any case

3

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions are proper under § 1927 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)).

When determining appropriate discovery sanctions, "the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692 (citing *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir. 2003)).

**Discussion**

Plaintiff's Motion concerns Request No. 1 of her First Request for Production of Documents served against PMHS in December 2024.   Request No. 1 states:

> Produce all documents related to the hiring, promotion, demotion, discharge, and/or any changes in employment status of Plaintiff from the date of Plaintiff's hire to Plaintiff's termination, along with any disciplinary records and evaluations.

(Doc. 90-1 at 1.)

Plaintiff acknowledges that PMHS produced documents responsive to Request No. 1, and supplemented its production on multiple occasions throughout the course of the litigation. Plaintiff, however, contends that PMHS failed to produce emails or text messages from any PMHS employee or Board member, representing that PMHS had searched and produced all

4

electronic communications responsive to Request No. 1.    Plaintiff argues that this representation is false in light of "hundreds of responsive emails and text messages" recently produced by Warbird Consulting Partners, Inc. ("Warbird")—a corporation retained by PMHS to recruit a new chief executive officer—in response to a third-party subpoena served by Plaintiff on November 20, 2025.

Plaintiff now requests that the Court impose the following sanctions against PMHS under Federal Rule of Civil Procedure 37(c), 28 U.S.C. § 1927, and the Court's inherent authority: payment of Plaintiff's attorneys' fees and costs; an order requiring counsel for PMHS to collect all phones, tablets, and other personal devices used by PMHS Board Members and relevant employees for electronic communication, and to bring the devices to a third-party electronically stored information ("ESI") vendor for imaging; an order requiring counsel for PMHS to identify and disclose any cloud storage locations in which messages sent or received by these devices might be housed so as to provide the third-party ESI vendor with whatever information is necessary to access those locations; and an order that prohibits PMHS Board Members and relevant employees from deleting any text messages, emails, or other communications from their personal devices following the entry of the order.

Defendant responds that Plaintiff's Motion fails because PMHS complied with Rule 26 and Request No. 1.    Defendant contends that the documents Plaintiff cites as evidence of non-disclosure fall outside the temporal scope of her own request.    Defendant next argues that the third-party documents related to personal email addresses and personal text messages were not in PMHS' possession.    Finally, PMHS argues that Plaintiff fails to show any perceived non-disclosure was not justified or harmless.

5

The complicated procedural history in this matter as summarized above, along with the manner in which the parties litigated this case guides the Court's decision regarding the imposition of sanctions.   Both sides engaged in zealous advocacy for their clients, which ultimately resulted in a contentious relationship between the parties.   Undoubtedly, some of PMHS' actions as set out in the briefing of the instant Motion give the Court pause.   For example, the undersigned finds PMHS' argument that the emails produced by Warbird were outside the temporal scope of Request No. 1 disingenuous.

Although the Court questions the strength of PMHS' efforts to obtain the requested documents from the Board members as directed in the April 28, 2025 Order, that Order predated Plaintiff's amendment of the Complaint to add the individual Board members as Defendants. Plaintiff's requests for documents from the personal electronic devices of Board members are better directed at those individual Defendants.   Despite the fact that the Board members have been parties to this action since May 23, 2025, Plaintiff did not request documents related to these parties' personal devices.   Instead, the requested information was produced by third party Warbird in November 2025.   Notably, PMHS represents that, as of February 4, 2026, Plaintiff had served *no discovery on any named Board member*.

The Court concludes that PMHS' actions do not rise to the level warranting the imposition of sanctions.   Assuming PMHS did not undertake a good faith effort to obtain the documents from the Board members, any failure of PMHS to disclose the documents was harmless.   Plaintiff obtained the documents from Warbird in January 2026, prior to the March 17, 2026 deadline for Rule 26(a)(1) disclosures, and well before the April 29, 2027 deadline for the completion of all discovery.   Plaintiff also had the ability to request the documents from the

6

named Board members but chose not to pursue this direct method.   Thus, the Court declines to award sanctions at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Sanctions (Doc. 90) is **denied.**

Dated this 25th day of June, 2026.

   /s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

7